816 F.2d 672
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Joseph Robert MONROE, I, Plaintiff-Appellant,
v.
James WISE; John Dowd; David Bryant; J. Woodrow Branch;
Randy Maness; Harold Mooney; Ron Kelly; Mr.
Lowe; Moore County Commissioners,
Defendants- Appellees.
 No. 86-7707.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 13, 1987.
Decided April 14, 1987.
 
 Before RUSSfELL, ERVIN and CHAPMAN, Circuit Judges.
 Joseph Robert Monroe, I, appellant pro se. Allan R. Gitter, Womble, Carlyle, Sandridge & Rice; Bruce T. Cunningham, Jr., Pollack, Fullenwider, Cunningham & Patterson, P. A.; P. Wayne Robbins, Robbins, May, Rich & Scharborough, for Appellees.
 PER CURIAM:
 
 
 1
 Joseph R. Monroe appeals the district court's dismissal of his 42 U.S.C. Sec. 1983 action. The district court found that Monroe had filed his claim laying venue in the wrong district and dismissed his suit without prejudice. The district court shall be affirmed.
 
 
 2
 Monroe filed his. claim in the Eastern District of North Carolina asserting that he was subjected to unconstitutional prison conditions in the Middle District. The defendants were residents of the Middle District. Monroe's case was referred to a magistrate who determined that the venue was improper. See 28 U.S.C. Sec. 1391(b) (action must be brought where all defendants reside or where claim arose). The magistrate recommended dismissing the case without prejudice. See 28 U.S.C. Sec. 1406(a) (the court shall dismiss a case for improper venue unless it is in the interest of justice to transfer it).
 
 
 3
 The magistrate found that the interest of justice did not require a transfer because this was the third action Monroe had filed against these defendants, Monroe had paid only a one dollar fee to file the action, and Monroe was free to refile the action in the Middle District. Monroe filed objections to the magistrate's recommendation on the ground that dismissal would be unjust. After de novo review, the district court adopted the magistrate's recommendation.
 
 
 4
 We find that the magistrate's reasoning justified his recommendation of dismissal and that the district court acted properly in dismissing Monroe's action without prejudice. We are persuaded that the interest o; justice supports the dismissal and the district court shall be affirmed. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and affirm the judgment of the district court. AFFIRMED.